1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   AMIR HASSAN,                              No.  2:13-cv-2019-CKD

12            Plaintiff,

13       v.                                    ORDER

14   CAROLYN W. COLVIN, Acting
     Commissioner of Social Security,
15
              Defendant.
16

17

18          Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security

19   ("Commissioner") denying an application for Supplemental Security Income ("SSI") under Title

20   XVI of the Social Security Act ("Act").  For the reasons discussed below, the court will grant

21   plaintiff's motion for summary judgment, deny the Commissioner's cross-motion for summary

22   judgment, and remand this matter under sentence four of 42 U.S.C. § 405(g).

23   BACKGROUND

24          Plaintiff, born September 16, 1964, applied on March 7, 2011 for SSI, alleging disability

25   beginning February 10, 2011.  Administrative Transcript ("AT") AT 393.  Plaintiff alleged he

26   was unable to work due to unspecified physical problems.  AT 396.  In a decision dated February

27   /////

28   /////

                                        1

5, 2013, the ALJ determined that plaintiff was not disabled.[1]  AT 22–23.  The ALJ made the

following findings (citations to 20 C.F.R. omitted):

> 1.   The claimant has not engaged in substantial gainful activity since March 21, 2011, the application date.

> 2.  The claimant has the following severe impairment:  degenerative disc disease.

> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

> 4.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of light work . . . .

---

[1]      Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq.*   Supplemental Security Income is paid to disabled persons with low income.  42 U.S.C. §§ 1382 *et seq.*  Both provisions define disability, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment. . . ."  42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A).  A parallel five-step sequential evaluation governs eligibility for benefits under both programs.  See 20 C.F.R. §§ 404.1520, 404.1571–76, 416.920 & 416.971–76; Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287 (1987).  The following summarizes the sequential evaluation:

> Step one:  Is the claimant engaging in substantial gainful activity?  If so, the claimant is found not disabled.  If not, proceed to step two.

> Step two:  Does the claimant have a "severe" impairment?  If so, proceed to step three.  If not, then a finding of not disabled is appropriate.

> Step three:  Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1?  If so, the claimant is automatically determined disabled.  If not, proceed to step four.

> Step four:  Is the claimant capable of performing his past work?  If so, the claimant is not disabled.  If not, proceed to step five.

> Step five:  Does the claimant have the residual functional capacity to perform any other work?  If so, the claimant is not disabled.  If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process.  Bowen, 482 U.S. at 146 n.5, 107 S. Ct. at 2294 n.5.  The Commissioner bears the burden if the sequential evaluation process proceeds to step five.  Id.

2

5.  The claimant has no past relevant work.

6.  The claimant was born on September 16, 1964 and was 46 years old, which is defined as a younger individual age 18-49, on the date the application was filed.

7.  The claimant has at least a limited education and is not able to communicate in English.

8.  Transferability of job skills is not an issue in this case because the claimant does not have past relevant work.

9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

10.  The claimant has not been under a disability, as defined in the Social Security Act, since March 21, 2011, the date the application was filed.

AT 17–22.[2]

ISSUES PRESENTED

Plaintiff argues that although new evidence may warrant a sentence six remand, such a remand would be inappropriate and that the ALJ improperly evaluated the opinions of treating and examining physicians.

LEGAL STANDARDS

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999).  Substantial evidence is more than a mere scintilla, but less than a preponderance.  Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted).  It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).  "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving

---

[2]  Plaintiff's prior application for benefits was denied in a decision dated February 9, 2013.  In the instant case, the ALJ found that additional medical evidence submitted with plaintiff's March 7, 2011 application showed worsening in plaintiff's musculoskeletal status and required additional limitations.  As a result, the ALJ found plaintiff had rebutted the presumption of continuing non-disability under Chavez v. Bowen , 844 F.2d 691 (9th Cir. 1998).

3

1  ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted).

2  "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one

3  rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

4        The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th

5  Cir. 1986), and both the evidence that supports and the evidence that detracts from the ALJ's

6  conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not

7  affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see

8  also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the

9  administrative findings, or if there is conflicting evidence supporting a finding of either disability

10  or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226,

11  1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in

12  weighing the evidence.  See Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

13  ANALYSIS

14        A.  Remand Under the Sixth Sentence of Section 405(g).

15        Plaintiff contends, and the Commissioner agrees albeit for different reasons, a sentence six

16  remand would be unwarranted.  The sixth sentence of Section 405(g) provides, in relevant part:

17
18
19
20
> The court may, on motion of the Commissioner of Social Security made for good cause shown ... at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

21  In other words, a case may be remanded to the Secretary for the consideration of new evidence if

22  the evidence is material and good cause exists for the absence of the evidence from the prior

23  record.  Sanchez v. Sec'y of Health & Human Servs., 812 F.2d 509, 511–12 (9th Cir. 1987).  In

24  order for new evidence to be "material," the court must find that, had the Secretary considered

25  this evidence, the decision might have been different.  The court need only find a reasonable

26  possibility that the new evidence would have changed the outcome of the case.  Booz v. Sec'y of

27  Health & Human Servs., 734 F.2d 1378, 1380–81 (9th Cir. 1984).

28  /////

1    Plaintiff asserts that the Cooperative Disability Investigation report of his spouse and the

2    documentation of the reconsideration of his application are not in the transcript and thus may

3    warrant remand under sentence six of section 405(g).  To the contrary, these documents are either

4    not material or not new.  The Cooperative Disability Investigation report of plaintiff's spouse

5    would not have changed the outcome of plaintiff's application at the administrative level because

6    it tends to discredit plaintiff.  <u>See</u> AT 257 (plaintiff has been observed ambulating effectively

7    without an assistive device as reported in spouse's Cooperative Disability Investigation).  In

8    addition, as the Commissioner notes, the reconsideration determination is in the transcript.  AT

9    286–90.  Accordingly, the court declines to remand under sentence six of Section 405(g).

10       B.  <u>Medical Opinions</u>

11    Plaintiff's primary contention is that the ALJ improperly evaluated the medical opinions

12    in the record.  The weight given to medical opinions depends in part on whether they are

13    proffered by treating, examining, or non-examining professionals.  <u>Lester</u>, 81 F.3d at 830.

14    Ordinarily, more weight is given to the opinion of a treating professional, who has a greater

15    opportunity to know and observe the patient as an individual.  <u>Id.</u>; <u>Smolen v. Chater</u>, 80 F.3d

16    1273, 1285 (9th Cir. 1996).  To evaluate whether an ALJ properly rejected a medical opinion, in

17    addition to considering its source, the court considers whether (1) contradictory opinions are in

18    the record, and (2) clinical findings support the opinions.  An ALJ may reject an uncontradicted

19    opinion of a treating or examining medical professional only for "clear and convincing" reasons.

20    <u>Lester</u>, 81 F.3d at 831.  In contrast, a contradicted opinion of a treating or examining professional

21    may be rejected for "specific and legitimate" reasons that are supported by substantial evidence.

22    <u>Id.</u> at 830.  "'The ALJ can meet this burden by setting out a detailed and thorough summary of the

23    facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'"

24    <u>Magallanes v. Bowen</u>, 881 F.2d 747, 751 (quoting <u>Cotton v. Bowen</u>, 799 F.2d 1403, 1408 (9th

25    Cir. 1986)).  "The ALJ must do more than offer his conclusions.  He must set forth his own

26    interpretations and explain why they, rather than the doctors[], are correct."  <u>Embrey v. Bowen</u>,

27    849 F.2d 418, 421-22 (9th Cir. 1988).  While a treating professional's opinion generally is

28    accorded superior weight, if it is contradicted by a supported examining professional's opinion

(*e.g.*, supported by different independent clinical findings), the ALJ may resolve the conflict. Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing Magallanes, 881 F.2d at 751).

### 1. Dr. Gabrieel Gaoriye

Plaintiff contends the ALJ improperly disregarded the opinion of Dr. Gabrieel Gaoriye. Dr. Gaoriye, plaintiff's treating physician from Arizona, provided a Physical Residual Functional Capacity Assessment dated December 3, 2010.  AT 154.  Dr. Gaoriye opined that plaintiff could stand for two hours or less, sit for 15 to 30 minutes at one time, walk one block before needing to stop, and could never lift or carry ten pounds.  Id.  In a February 9, 2011 decision on plaintiff's prior application, ALJ Norman R. Buls declined to give Dr. Gaoriye's assessment controlling weight because it was "too restrictive in light of the contemporaneous treatment records to whom the claimant was referred" and was inconsistent with the overall evidence indicating significant functional capabilities.

Dr. Gaoriye's December 3, 2010 opinion preceded the unadjudicated period which is at issue in this case.  AT 275, 313 (plaintiff's alleged disability onset date of February 10, 2011). This opinion was considered and discounted in plaintiff's previous application.  AT 267 ("The undersigned declines to give this assessment controlling weight.  It is too restrictive in light of the contemporaneous treatment records from the various specialist[s] to whom claimant was referred.").  The ALJ did not err with respect to Dr. Gaoriye's opinion which predated plaintiff's application.[3]

### 2. Dr. Antoine Dipsia

Plaintiff also contends that the ALJ failed to consider the March 16, 2012 opinion of Dr. Antoine Dipsia and improperly evaluated Dr. Dipsia's June 10, 2012 opinion.  Dr. Dipsia, plaintiff's primary care physician, provided a handwritten statement dated March 16, 2012 noting that plaintiff had severe and excruciating back pain due to disc disease and opining that plaintiff

[3] Plaintiff contends that because Dr. Gaoriye's opinion establishes disability before the relevant period of the instant application and the subsequent award of benefits establishes disability after the ALJ's February 5, 2013 decision, plaintiff was disabled in the period in between.  However, the subsequent award of benefits is immaterial to review of the ALJ's February 5, 2013 decision. See Bruton v. Massanari, 268 F.3d 824, 827 (9th Cir. 2001) ("second application involved different medical evidence, a different time period, and a different age classification").

1   cannot lift more than five pounds or sit for more than two hours per day or stand for more than

2   one hour a day.  AT 454.  On June 10, 2012, Dr. Dispia completed a functional assessment form

3   for plaintiff.  AT 420–22.  Dr. Dipsia diagnosed plaintiff with severe degenerative disc disease of

4   the lumbar spine and diabetes mellitus.  AT 420.  He noted that plaintiff wore a lumbar support,

5   used a cane to ambulate, had severe limitations in his range of motion and had muscle spasms.

6   AT 420.  Dr. Dipsia opined that plaintiff could walk for ten minutes at a time and for less than an

7   hour total in an eight-hour day; stand for ten minutes at a time and for less than an hour total in an

8   eight-hour day; sit for 20 minutes at a time and for two to four hours total in an eight-hour day;

9   frequently lift/carry less than five pounds; occasionally lift/carry five to twenty pounds, was

10  partially limited in climbing stairs or ladders; was restricted in bending; and required resting

11  periods during the day.  AT 420.

12          The ALJ gave Dr. Dipsia's opinion little weight, reasoning that it was extreme and

13  inconsistent with the record as a whole, Dr. Dipsia's treatment records did not reveal significant

14  clinical and laboratory abnormalities, and that the course of treatment suggested by Dr. Dipsia

15  was not the type one would expect if plaintiff were as limited as he reported.  AT 21.  For

16  example, examinations in August and September 2011 revealed no abnormal neurological

17  findings and characterize plaintiff's back pain as "typical" and stable.  See AT 517 ("[c]hronic

18  back pain: neurologically intact"); 526 ("There were no abnormal findings on neurological

19  exam.").  Dr. Dipsia's progress notes are similarly not noteworthy, although they identify

20  plaintiff's lower back pain and state that plaintiff "appears in pain."  AT 450–62.  In addition, Dr.

21  Dipsia's June 2012 finding that plaintiff had severe limitations in his range of motion is

22  contradicted by Dr. Nathan Pliam's October 2012 findings that plaintiff had normal range of

23  motion in his upper and lower extremities.  AT 409–10.  Dr. Pliam further indicated, as more

24  fully described below, that he could not adequately assess plaintiff's range of motion in the

25  cervical and lumbosacral spine.  AT 408–09.  Also, Dr. Dipsia referred plaintiff to Dr.

26  Neuberger who noted that it was "not clear today" if plaintiff had true straight leg raise

27  positivity, that plaintiff was "very demonstrative of his pain," and that weight loss and core body

28  strength and conditioning were the best forms of treatment as opposed to surgery.  AT 466–67.

7

1    Dr. Pliam, a consultative examining physician, agreed with Dr. Neubeurger's treatment plan.  AT

2    412.  A treatment program consisting of a pain medication regimen and exercise is not the type of

3    program "one would expect to accompany a finding that [plaintiff] was totally disabled under the

4    Act."  Rollins v. Massanari, 261 F.3d 853, 856 (9th Cir. 2001).  The ALJ's reasons for

5    discounting Dr. Dipsia's opinion were specific and legitimate and supported by substantial

6    evidence.

7        Plaintiff contends the ALJ only considered Dr. Dipsia's June 2012 functional assessment

8    and did not consider the March 2012 narrative statement because the ALJ only cited to the

9    functional assessment.[4]  As the ALJ generally described the opinion, "Dr. Dipsia noted that the

10    claimant is not able to stand, walk or sit for prolonged periods, and in fact, was not able to

11    perform sedentary work."  AT 21.  The ALJ also referenced Dr. Dipsia's 2011 and 2012

12    examinations of plaintiff and his treatment notes throughout the opinion.  See AT 19

13    (examinations do not reflect any neurological involvement); 21 (Dr. Dipsia's reports do not reveal

14    significant clinical and laboratory abnormalities).  Based on these statements, it is reasonable to

15    infer that the ALJ considered all of Dr. Dispsia's examinations and notes, including the March

16    2012 narrative.  Furthermore, Dr. Dipsia's June 2012 opinion is less restrictive than his March

17    2012 narrative.  See AT 420 (plaintiff can sit for two to four hours in an eight-hour work day);

18    421 (plaintiff can occasionally lift 5 to 20 pounds); 454 (plaintiff cannot sit for more than two

19    hours per day or lift more than 5 pounds).  As such, the reasons the ALJ gave for rejecting the

20    less restrictive June 2012 opinion apply equally to the March 2012 narrative.  There was no error

21    in assessing Dr. Dipsia's opinion.

22        3.  Dr. Nathan Pliam

23        Plaintiff also contends the ALJ improperly rejected the opinion of Dr. Nathan Pliam, a

24    consultative examining physician.  Dr. Pliam examined plaintiff on October 13, 2012, noting

25    plaintiff's chief complaint was low back pain.  AT 404–413.  Dr. Pliam further noted that the

26

27    [4]  Plaintiff asserts that "there can be no doubt [the ALJ's opinion] addresses only this RFC form
executed 6/10/12, and not Dr. Dipsia's narrative statement of 3/16/12 at page 454.  ECF No. 20 at

28    10.

1   physical examination was difficult, plaintiff appeared extremely uncomfortable, and plaintiff was

2   unable to participate in the activities usually required for the examination.  AT 408.  Dr. Pliam

3   stated that he was not able to adequately assess plaintiff's functioning.  Id.  He opined that

4   plaintiff's presentation and general complaints seemed out of proportion to the objective findings.

5   AT 412.  He also noted plaintiff's presentation "raised questions about secondary gain, non-

6   organic overlay and generalized symptom amplification."  AT 411.  Dr. Pliam diagnosed plaintiff

7   with degenerative lumbar spondylosis, obesity and deconditioning, symptom amplification, and

8   probable left sciatica.  AT 412.  He opined, based on the objective radiologic findings, that

9   plaintiff could lift 25 pounds occasionally and ten pounds repeatedly, and stand and walk for 30

10  to 60 minutes continuously, for a total of three hours per day.  AT 412.

11          The ALJ gave Dr. Pliam's opinion minimal weight reasoning that the assessment

12  underestimates plaintiff's ambulatory ability and the record does not contain objective medical

13  evidence that would prevent plaintiff from standing and walking six hours in an eight-hour work

14  day, which is the limitation found by Dr. Martha Goodrich.  AT 21, 259.  The ALJ also noted Dr.

15  Pliam's observations of plaintiff's symptom magnification and his statement that he could not

16  adequately assess plaintiff's physical capacity.  AT 21.

17          Plaintiff asserts that the ALJ's reasoning for rejecting Dr. Pliam's ambulatory restrictions

18  was insufficient.  The court agrees.  Dr. Pliam based his ambulatory restrictions on the objective

19  radiologic findings—not plaintiff's subjective allegations of pain—thus, the ALJ's articulated

20  reasons for rejecting Dr. Pliam's opinion are not legitimate.  AT 412.  In other words, plaintiff's

21  symptom amplification was not a consideration in formulating Dr. Pliam's work restrictions for

22  plaintiff and the radiologic findings constitute objective evidence in the record supporting Dr.

23  Pliam's ambulatory restrictions.  Id.  The ALJ's reasons for discounting Dr. Pliam's opinion were

24  not specific and legitimate.  For these reasons, this matter will be remanded so the whole record

25  may be fully and properly addressed by the ALJ in assessing the medical opinions.

26  /////

27  /////

28  /////

1    CONCLUSION

2           For the reasons stated herein, IT IS HEREBY ORDERED that:

3           1.  Plaintiff's motion for summary judgment (ECF No. 20) is granted;

4           2.  The Commissioner's cross-motion for summary judgment (ECF No. 23) is denied; and

5           3.  This matter is remanded for further proceedings consistent with this order.

6    Dated:  December 9, 2014

7                                                    _____
                                                     CAROLYN K. DELANEY
8                                                    UNITED STATES MAGISTRATE JUDGE

9

10

11   10/4  hassan.ss

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10